UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

JUST BRANDS LLC,

    Plaintiff,

vs.

FLORIDA DEPARTMENT OF AGRICULTURE
AND CONSUMER SERVICES and WILTON
SIMPSON, in his official capacity as Florida
Commissioner of Agriculture,

    Defendants.
_____/

**VERIFIED EMERGENCY COMPLAINT FOR**
**DECLARATORY JUDGMENT AND INJUCTIVE RELIEF**

Plaintiff, JUST BRANDS LLC ("Just Brands"), sues the FLORIDA DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES and WILTON SIMPSON, in his official capacity as Florida Commissioner of Agriculture ("FDACS"), pursuant to 42 U.S.C. § 1983, seeking emergency relief in the form of a judgment declaring that actions of the FDACS under Florida's Hemp Law, Fla. Stat. §571.217 (the "Hemp Law") are *ultra vires* and violate Just Brands' rights under the Fourth and Fourteenth Amendments to the United States Constitutions as well as the provisions of the Florida Constitution protecting the right of privacy (Art. I. § 23) and the right of free association (Art. I, § 5). Just Brands further seeks an injunction against those unconstitutional actions and associated practices. Just Brands further demands damages against the FDACS for losses occasioned by the unconstitutional application of the Hemp Law against Just Brands. In support thereof Just Brands states as follows:

## INTRODUCTION, PARTIES, JURISDICTION, AND VENUE

1. This emergency lawsuit challenges the FDACS' authority to impose and enforce "Stop Sale Orders" prohibiting Just Brands from selling its products out of the State of Florida under the Hemp Law. The Stop Sale Orders are attached hereto as Composite Exhibit "A."

2. Just Brands is a Florida Limited Liability Company with its principal place of business located at 3406 S.W. 26th Terrace, Ft. Lauderdale, Florida 33312. Just Brands sells and distributes hemp derived products, such as gummies, tinctures, cartridges, oils, and creams in the State of Florida and across the United States.

3. Defendant, Wilton Simpson, is the Florida Commissioner of Agriculture and heads the FDACS. Fla. Stat. §§ 20.14(1), 570.01. FDACS is the State agency charged with implementing and enforcing the Hemp Law.

4. This Court has subject-matter jurisdiction over this action pursuant to: 28 U.S.C. § 1331 because this action arises under the U.S. Constitution and federal law; 28 U.S.C. § 1343 and 42 U.S.C. § 1983 because this action seeks to redress the deprivation of and infringement upon, under color of state law, rights, privileges, and immunities secured by the U.S. Constitution or federal law providing for the equal rights of all persons within the jurisdiction of the United States. Supplemental jurisdiction exists over Just Brands' State and common law claims pursuant to 28 U.S.C. § 1367.

5. This Court has authority to grant declaratory relief in this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, as well as 28 U.S.C. § 1343, 42 U.S.C. §§ 1983, and Rule 57 of the Federal Rules of Civil Procedure.

TIRADO-LUCIANO & TIRADO
GABLES INTERNATIONAL PLAZA ♦ 2655 LE JEUNE ROAD ♦ SUITE 1109 ♦ CORAL GABLES ♦ FL ♦ 33134 ♦ T: 305 390 2320 ♦ F: 305 390 2321

6. In addition, this Court has authority to grant injunctive relief in this action under the All Writs Act, 28 U.S.C. § 1651, as well as 28 U.S.C. § 1343, 42 U.S.C. §§ 1983, and Rule 65 of the Federal Rules of Civil Procedure.

7. This Court has personal jurisdiction over Defendants, all of whom are either elected or appointed Florida state officials, working or residing in Florida. The Court's exercise of jurisdiction over Defendants in their official capacities as Florida state government officials is appropriate pursuant to *Ex Parte Young*, 209 U.S. 123 (1909).

8. Venue is appropriate in the United States District Court for the Southern District of Florida, Ft. Lauderdale Division, pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Just Brands' claims occurred in Broward County, Florida.

## GENERAL ALLEGATIONS

*The State Hemp Program*

9. In 2018, President Trump signed the Agricultural Improvement Act of 2018, commonly referred to as the "2018 Farm Bill," into law which, *among other things*, defined "hemp" and created a process for states to establish state hemp programs for the legal cultivation of hemp. *See* AGRICULTURE IMPROVEMENT ACT OF 2018, PL 115-334, December 20, 2018, 132 Stat. 4490; 7 U.S.C. §1639(p).

10. On July 1, 2019, the State of Florida enacted its State Hemp Program to regulate the cultivation of hemp in the State. Fla. Stat. §581.217 (the "Hemp Law"). The Hemp Law required a license to cultivate hemp in the State of Florida, promulgated regulations regarding the sale of hemp, and designated the FDACS division of Food Safety to oversee processing, manufacturing and retailing of hemp and hemp extract.

11. According to the Hemp Law, the Florida Legislature found that hemp is an agricultural commodity, and that "hemp-derived cannabinoids, including, but not limited to, cannabidiol, are not controlled substances or adulterants" if they comply with the Hemp Law. Fla. Stat. § 581.217(2).

12. Regarding the distribution and sale of hemp extract, the Hemp Law regulates only hemp extract **that is sold in the State of Florida** and requires that, prior to distributing or selling in the State of Florida, the hemp must be tested, with a certificate of analysis, not contain more than 0.3% of delta-9-tetrahydrocannabinol concentration, and, *among other things*, be distributed or sold in specific containers. *See* Fla. Stat. § 581.217(7).

*The Hemp Law is Amended*

13. In July of 2023, the Hemp Law was amended to include the definition of "attractive to children." In doing so, the law banned the sale of hemp derived products to children if the hemp derived products are "manufactured in the shape of humans, cartoons, or animals; manufactured in a form that bears any reasonable resemblance to an existing candy product that is familiar to the public as a widely distributed, branded food product such that a product could be mistaken for the branded product, especially by children; or containing any color additives." Fla. Stat. §581.217(3)(a).

14. The amendment also subjected "hemp extract products found to be mislabeled or attractive to children" to immediate stop-sale orders. Fla. Stat. § 581.217 (7)(e).

*Operation Kandy Krush*

15. Almost immediately after the passage of the Hemp Law's amendment, Wilton Simpson and the FDACS waged a war on certain companies in the hemp industry through a sting operation called "Operation Kandy Krush."

4

TIRADO-LUCIANO & TIRADO
GABLES INTERNATIONAL PLAZA ♦ 2655 LE JEUNE ROAD ♦ SUITE 1109 ♦ CORAL GABLES ♦ FL ♦ 33134 ♦ T: 305 390 2320 ♦ F: 305 390 2321

16. On July 21, 2023, FDACS attempted to interfere with Just Brands' business when they, unannounced, barged into Just Brands' offices, provided Just Brands with a "Notice to All Hemp Food Establishments" and ordered Just Brands to stop selling its products in the State of Florida **and in other states**. A copy of the Notice to All Hemp Food Establishments is attached hereto as Exhibit "B."

17. In response to FDACS' order to stop selling products outside the State of Florida, Brett Sandman, Just Brand's representative, stated that Just Brands was entitled to sell its products to other states and that nothing in the Hemp Law, nor its amendment, prohibited the same.

18. FDACS representative, Fausto Ferrer, then informed Just Brands that in addition to not being allowed to sell products in other states, Just Brands was also not allowed to store products which are "attractive to children" in the State of Florida – even though the same would never be sold in Florida.

19. When asked by Just Brands to the specific law which prohibited the storing of such products in Florida for sale in other states, Mr. Ferrer was not able to produce same, and, as a result, never issued a stop sale order to Just Brands that day.

*The Stop Sale Orders*

20. On October 31, 2023, FDACS again barged into Just Brands offices and issued, without any justification, nine (9) Stop Sale Orders essentially prohibiting Just Brands from selling all its products. *See* Exhibit "A."

21. The Stop Sale Orders were issued pursuant to Fla. Stat. § 581.217(7)(e), regarding products determined to be attractive to children. The Stop Sale Orders prohibit Just Brands from moving any listed product even if the movement of same is for the sale of same in other states.

5
TIRADO-LUCIANO & TIRADO
GABLES INTERNATIONAL PLAZA ♦ 2655 LE JEUNE ROAD ♦ SUITE 1109 ♦ CORAL GABLES ♦ FL ♦ 33134 ♦ T: 305 390 2320 ♦ F: 305 390 2321

22. Again, FDACS, through Pene Houle, informed Just Brands it was illegal to simply store product which may be "attractive to children" in Florida for the sole purpose of selling in other States.

23. Just Brands' representative, Brett Sandman, signed the acknowledgement section of the Stop Sale Orders under the clear intention of not waiving Just Brands' rights to a hearing. The same notwithstanding, FDACS fraudulently included Mr. Sandman's signature in the hearing waiver of same and when FDACS was confronted with same, it was forced to correct the Stop Sale Order and furnish a corrected report. A copy of the Corrected Stop Sale Order and e-mail correcting same is attached hereto as Composite Exhibit "C."

*The Hemp Law Does Not Prohibit the Storing of Products For Sale in Another State*

24. Nothing in the Hemp Law or its amendment prohibits Just Brands, and any other company regulated by same, from storing products which will be sold in another State.

25. According to the legislative history of the Hemp Law and its amendment, the State of Florida was clearly concerned solely with the **sale** of hemp in the State of Florida. Nothing in the Law nor the legislative history indicates the holding of offending product is subject to the enforcement mechanisms of the Hemp Law. *See* 2023 Florida Senate Bill No. 1676 Florida One Hundred Twenty-Fifth Regular Session, 2023 Florida Senate Bill No. 1676 Florida One Hundred Twenty-Fifth Regular Session; Florida Staff Analysis, S.B. 1676, 4/21/2023; 2023 Florida Senate Bill No. 1676, Florida One Hundred Twenty-Fifth Regular Session; Florida Staff Analysis, S.B. 1676, 3/17/2023.

26. The applicable Administrative Code also does not regulate offending products stored in Florida to be sold in other states. *See* Fla. Admin. Code Ann. r. 5K-4.034

6

TIRADO-LUCIANO & TIRADO
GABLES INTERNATIONAL PLAZA ♦ 2655 LE JEUNE ROAD ♦ SUITE 1109 ♦ CORAL GABLES ♦ FL ♦ 33134 ♦ T: 305 390 2320 ♦ F: 305 390 2321

27. Therefore, any interpretation of the Hemp Law by FDACS that Just Brands' storage of products to be sold in other states violates the Hemp Law is unconstitutional.

28. FDACS' Stop Sale Orders have proximately caused damage to Just Brands' business operations as it cannot ship any product subject to same to other states, thereby severely halting the majority of its operations.

29. The effect of FDACS' expansive interpretation of the Hemp Law violates Just Brands Constitutional rights and the Commerce Clause of the United States.

## COUNT 1 – DECLARATORY JUDGMENT

*The Expansive Interpretation of the Hemp Law is an Ultra Vires Act*

30. Just Brands repeats and realleges paragraphs 1 through 29 as if fully set forth herein.

31. This is an action for a declaratory judgment to obtain a determination of the rights and obligations of Just Brands under the Hemp Law and FDACS's action to redefine the purpose of the Hemp Law to include the "storing" or "holding" of offending products as a prohibited act under same.

32. Fla. Stat. § 581.217(7) makes clear that the Florida Legislature intended only to regulate products sold in the State of Florida, specifically providing as follows:

    a. § 581.217(7)(a): "Hemp extract may only be distributed and sold **in the state** if the product…;"

    b. § 581.217(7)(b): "Hemp extract may only be sold to a business **in this state** if that business is properly permitted…;"

    c. § 581.217(7)(c): "Hemp extract distributed or sold **in this state** is subject to the applicable requirements of chapter 500, chapter 502, or chapter 580;"

    d. § 581.217(7)(d): Products that are intended for human ingestion or inhalation and that contain hemp extract, including, but not limited to, snuff, chewing

7

TIRADO-LUCIANO & TIRADO
GABLES INTERNATIONAL PLAZA ⬥ 2655 LE JEUNE ROAD ⬥ SUITE 1109 ⬥ CORAL GABLES ⬥ FL ⬥ 33134 ⬥ T: 305 390 2320 ⬥ F: 305 390 2321

gum, and other smokeless products, **may not be sold in this state** to a person who is under 21 years of age...;"

33. Now, FDACS wants to broaden the scope of its authority and include, without any authority whatsoever, the prohibition that the products subject to the Stop Sale Order cannot be stored in this State even if such products will never be sold in this State.

34. FDACS is without power to redefine a legislatively defined term and construe what is otherwise specific statutory language. Any redefinition of a defined term is *ultra vires* and the FDACS' Stop Sale Orders should be null and void as it applies to the sale of the products outside the State of Florida.

35. As a direct and proximate consequence of FDACS' unauthorized actions, Just Brands has suffered, and continues to suffer, monetary damages including, but not limited to, loss of income that would have been earned had FDACS not ordered the seizing of sales in other states.

36. As a result of the facts described in the foregoing paragraphs, an actual controversy of sufficient immediacy exists between the parties as to whether above-referenced actions are valid and constitutional and should be enjoined.

37. FDACS' arbitrary and capricious actions were made and are being enforced with the intent to deprive Just Brands of its liberty and property rights protected by Article I, Sections 2, 9, and 10 of the Florida Constitution and the United States Constitution.

WHEREFORE, Just Brands demands judgment declaring that the FDACS' interpretation of a stop sale order under the Hemp Law is *ultra vires,* null and void, and unlawful, ordering FDACS to cease the issuance of stop sale orders for product not to be sold in the State of Florida, and for such further and additional relief as may be deemed appropriate by the Court, including

8

TIRADO-LUCIANO & TIRADO
GABLES INTERNATIONAL PLAZA ⬥ 2655 LE JEUNE ROAD ⬥ SUITE 1109 ⬥ CORAL GABLES ⬥ FL ⬥ 33134 ⬥ T: 305 390 2320 ⬥ F: 305 390 2321

injunctive relief, and providing for a reasonable attorney's fees and costs associated with this action.

## COUNT 2 – DECLARATORY JUDGMENT- VIOLATION OF THE COMMERECE CLAUSE OF THE CONSTITUTION OF THE UNITED STATES

38. Just Brands repeats and realleges paragraphs 1 through 29 as if fully set forth herein.

39. This is an action under 42 U.S.C. §1983 based on FDACS' willful violation of the Commerce Clause.

40. The U.S. Constitution entrusts the regulation of commerce "among the several States" to the federal government. U.S. Const. art. I, § 8, cl. 3. Thus, an individual State may not usurp this authority by regulating interstate commerce unilaterally. *See, e.g., C & A Carbone, Inc. v. Town of Clarkstown*, 511 U.S. 383 (1994).

41. The Commerce Clause also prohibits any "state regulation that 'discriminates against or unduly burdens interstate commerce and thereby imped[es] free private trade in the national marketplace.'" *Gen. Motors Corp. v. Tracy*, 519 U.S. 278, 287 (1997).

42. Here, FDACS has, in the name of the Hemp Law, prohibited Just Brands from selling the products subject to the Stop Sale Orders in interstate commerce in jurisdictions which may not have the same hemp laws as Florida.

43. FDACS' determination that Just Brands cannot sell its product in other states, violates the Commerce Clause by imposing uniquely burdensome operational requirements on businesses headquartered in Florida with substantial business operations, such as Just Brands, outside of Florida.

9

TIRADO-LUCIANO & TIRADO
GABLES INTERNATIONAL PLAZA ♦ 2655 LE JEUNE ROAD ♦ SUITE 1109 ♦ CORAL GABLES ♦ FL ♦ 33134 ♦ T: 305 390 2320 ♦ F: 305 390 2321

44. To allow FDACS' interpretation of the Hemp Law will place an undue burden on interstate commerce which violates the Commerce Clause

45. Unless enjoined, FDACS' Stop Sale Orders not limited to sales inside the State of Florida will operate to unconstitutionally burden interstate commerce and effect extraterritorial regulation in violation of the Commerce Clause.

46. As a direct and proximate consequence of FDACS' Stop Sale Orders, Just Brand's out of state operations have completely ceased with regard to the products found in such Stop Sale Orders causing monetary damages including, but not limited to, loss of income.

47. As a result of the facts described in the foregoing paragraphs, an actual controversy of sufficient immediacy exists between the parties as to whether above-referenced actions are valid and constitutional and should be enjoined.

WHEREFORE, Just Brands demands judgment declaring that the FDACS' interpretation of a stop sale order under the Hemp Law is in violation of the Commerce Clause, unconstitutional, and unenforceable, and enjoining FDACS from enforcing the Stop Sale Orders against Just Brands, and for such further and additional relief as may be deemed appropriate by the Court, including injunctive relief, and providing for a reasonable attorney's fees and costs associated with this action.

## COUNT 3 – PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

48. Plaintiff repeats and realleges paragraphs 1 through 29 as if fully set forth herein.

49. Just Brands has a substantial likelihood of succeeding on the merits of its claims for the reasons alleged in Counts 1 and 2 above.

50. Justb Brands will suffer irreparable injury, loss and damage for which it has no adequate remedy at law if enforcement of the Stop Sale Orders is not immediately enjoined until

such time as the Court can determine the merits of this action and enter a permanent injunction should Just Brands prevail.

51. To be clear, Just Brands does not intend on selling the products found in the Stop Sale Order that are subject to the Hemp Law in Florida.

52. Absent entry of a preliminary and permanent injunction, Just Brands will be subject to severe penalties for failure to comply with the Stop Sale Orders up to $5,000.00 per occurrence. Compliance with the Stop Sale Orders, however, can forever destroy Just Brands' business.

53. Absent entry of a preliminary and permanent injunction, Just Brands will be forced to cease all of its out of state business because its products are all located in Florida.

54. There is minimal harm to FDACS should this Court grant a preliminary and permanent injunction because Just Brands does not intend on selling the products found in the Stop Sale Order, if they indeed are subject to the Hemp Law, in Florida. The public interest in continuing business operations supports the grant of a preliminary and permanent injunction. In addition, the public interest will not be harmed as the application of the Stop Sale Orders to sales in Florida will remain in place.

WHEREFORE, for all of the foregoing reasons, Just Brands respectfully requests that this Court enter judgment against FDACS for a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the application to out of state sales in the Stop Sale Orders is unlawful, unconstitutional, and invalid; an injunction pursuant to Fed. R. Civ. P. 65 prohibiting FDACS from enforcing the Stop Sale Orders as it applies to out of state sales; an order awarding Just Brands Attorneys' fees and costs incurred in this litigation pursuant to 42 U.S.C. § 1988; and for such further and additional relief as may be deemed appropriate by the Court.

11

TIRADO-LUCIANO & TIRADO
GABLES INTERNATIONAL PLAZA ❖ 2655 LE JEUNE ROAD ❖ SUITE 1109 ❖ CORAL GABLES ❖ FL ❖ 33134 ❖ T: 305 390 2320 ❖ F: 305 390 2321

Dated this 1st day of November 2023.

**[remainder of page intentionally left blank – signature and verification page to follow]**

Respectfully submitted,

TIRADO-LUCIANO & TIRADO
2655 Le Jeune Rd., Suite 1109
Coral Gables, FL 33134
Tel: (305) 390-2320
Fax: (305) 390-2321

*/s/ Alex Tirado-Luciano*
ALEJANDRO "ALEX" TIRADO-LUCIANO, Esq.
Florida Bar No.: 070894
atl@TLTirado.com

## VERIFICATION

I, Brett Sandman, as Chief Operating Officer and being an authorized agent of Just Brands LLC, verify under penalty of perjury that the foregoing Verified Complaint for Declaratory Judgment and Injunctive Relief is true and correct.



Name: _____    Date: 11/1/2023