UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 23-cv-62081-KMW

JUST BRANDS, LLC

    Plaintiff,

v.

WILTON SIMPSON, IN HIS OFFICIAL CAPACITY
AS COMISSIONER OF AGRICULTURE, AND
FLORIDA DEPARTMENT OF AGRICULTURE
AND CONSUMER SERVICES,

    Defendants.
_____/

**DEFENDANTS' REPLY IN SUPPORT OF 12(B) MOTION TO ABSTAIN FROM THE EXERCISE OF FEDERAL JURISDICTION AND STAY PROCEEDINGS OR, IN THE ALTERNATIVE, MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**INTRODUCTION**

Plaintiff's response to Defendants' motion only confirms that the defects in the Amended Complaint require dismissal and that, at a minimum, the Court should abstain from exercising jurisdiction while state administrative proceedings are ongoing. To avoid the straightforward application of *Younger* and *Pullman* abstention, Plaintiff incorrectly declares that (i) there are no pending state proceedings involving these exact issues (which is provably wrong), and (ii) Florida's new Hemp Law provisions are settled and clear (despite no court ever interpreting or applying them). Under either abstention doctrine, this Court should decline to adjudicate constitutional claims where unsettled, important questions of state law are currently under consideration by a state administrative tribunal.

More fundamentally, the Amended Complaint fails to state a claim for relief. None of the

three counts is sufficiently pled: Count I fails to specifically identify what right was allegedly violated; Count II fails to allege the elements of a dormant Commerce Clause claim; and Count III is not a cause of action at all, but rather a remedy. Because no plausible claim for relief is stated, Plaintiff's Amended Complaint cannot survive a 12(b)(6) motion to dismiss.

## ARGUMENT

**I.     Both *Younger* and *Pullman* abstention are particularly warranted in light of the pending state proceedings set for final hearing on February 6, 2024.**

To begin, Plaintiff makes false statements that must be addressed, claiming that "nothing has occurred in the [state] administrative proceedings," DE 36 at 3, and that "there is no pending [state] proceeding now (as nothing has occurred)," DE 36 at 5. These assertions are not true. On December 8, 2023, the Florida Administrative Law Judge presiding over Plaintiff's parallel state proceeding set a final hearing for February 6, 2024, and issued an order setting forth extensive pre-hearing instructions and deadlines. *See* Exh. A (Notice of Hearing and Order of Pre-Hearing Instructions). That proceeding certainly "constitute[s] an ongoing state proceeding," satisfying the first of the three *Younger* factors. *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

The other two factors for *Younger* abstention are met here, too. Although Plaintiff asserts that the DOAH case it filed "will not implicate important state interests," DE 36 at 5, the crux of the state proceeding is the State of Florida's ability to regulate and enforce its laws regulating the sale and distribution of hemp-based products "attractive to children," Fla. Stat. § 581.217(3)(a). *See* Exh. B (Plaintiff's Request for Administrative Hearing). Simply invoking the Commerce Clause does not alter the important state interests of health, welfare, and safety at stake; indeed, *Younger* itself cited the propriety of federal-court abstention when there were ongoing (or even

"not yet formally instituted") "state prosecutions under a recently enacted state law that allegedly interfered with the free flow of interstate commerce." *Younger v. Harris*, 401 U.S. 37, 45 (1971) (citing *Fenner v. Boykin*, 271 U.S. 240 (1926)).

On the third factor, Plaintiff doesn't address the caselaw but instead makes the immaterial claim that the "administrative proceeding . . . will be[] inadequate to afford the relief Just Brands seeks here." DE 36 at 5. But that is not the question. As Defendants' caselaw shows, DE 23 at 9, Plaintiff will have the opportunity to raise and preserve its constitutional claims in the state proceedings; no more is required under *Younger*. And simply put, if Plaintiff succeeds in challenging the Stop-Sale Orders at DOAH, then it will indeed get the relief it seeks here: a determination that the statute does not forbid Plaintiff's activities of distributing its hemp candies out of state, and the ability to resume its interstate hemp-candy sales.

Similarly, Plaintiff's arguments against *Pullman* abstention fail and highlight the need for state-tribunal resolution here, where the state statute at issue is new and has not been interpreted by a court. As Plaintiff concedes, *Pullman* uniquely applies where there is "an unsettled question of state law **and** the question of state law is dispositive of the case or materially alters the constitutional question presented." DE 36 at 3 (emphasis in original). Plaintiff then claims that the state-law question is not unsettled because Plaintiff believes the new state law is "not uncertain and has no reasonable limiting construction." DE 36 at 4. But that argument addressing the merits is one that (i) is unsupported by any court interpretation of the law, and (ii) the state administrative proceeding will directly consider.

In Plaintiff's own words, "the controversy currently before this Court is the simple question of whether the Hemp Law unconstitutionally regulates interstate commerce." DE 36 at 4. The question of whether Florida's law providing that "Hemp extract products found to be . . . attractive

to children are subject to an immediate stop-sale order" enables FDACS to issue stop-sale orders on Plaintiff's products (regardless of where Plaintiff intends to sell those products) thus may well dispose of the claims before this Court. § 581.217(7)(e), Fla. Stat.

In any event, by requesting abstention and a stay here, Defendants recognize that Plaintiff may attempt to press federal claims after conclusion of the state proceedings—if its federal claims are not dismissed outright by this Court for failure to state a claim for relief, as discussed below.

## II.   Plaintiff fails to distinguish the cases regarding exhaustion of remedies.

In response to the Eleventh Circuit precedent this Court raised regarding exhaustion of remedies, Plaintiff dismisses those cases as involving "procedural due process," DE 36 at 7, whereas Plaintiff's § 1983 claim (Count II) is purportedly based on "the seizing of constitutional right deprivation," *id.* at 9. But Plaintiff's Amended Complaint does not pinpoint what constitutional right it is allegedly being deprived of. Although Plaintiff's opposition brief states that Plaintiff is bringing "substantive § 1983 due process claims," DE 36 at 6, the Amended Complaint contains no allegations about "due process," let alone "substantive due process." And the only claim brought under § 1983 is Count II (Commerce Clause). If Plaintiff intends to bring "substantive § 1983 due process claims" in order to avoid exhaustion requirements, then Plaintiff must seek leave of the Court to further amend its Amended Complaint.

## III.   Plaintiff fails to address the fatal pleading deficiencies in its Amended Complaint.

Plaintiff spends only one paragraph attempting to defend its "Count I—Declaratory Judgment," the nature of which is still unclear as pled. The Amended Complaint does not identify a *right* or *claim* underlying Count I, but simply alleges "*ultra vires*" in the abstract. While mentioning the words "liberty" and "property" in connection with "Article I, Sections 2, 9, and 10 of the Florida Constitution and the United States Constitution," DE 11 at ¶ 37, Count I does not

discuss any of those provisions or allege where, in the entire U.S. Constitution, Plaintiff believes its *ultra vires* claim arises. But to survive a 12(b)(6), "a plaintiff[] [has an] obligation to provide the 'grounds' of his 'entitle[ment] to relief'"; and this minimum showing "requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Even "a formulaic recitation of the elements of a cause of action will not do"—and in Count I, Plaintiff does not recite elements of a cause of action at all. *Id.*

On Count II, Plaintiff continues to misunderstand the elements of a Commerce Clause claim, which the Amended Complaint fails to allege. Earlier this year, the U.S. Supreme Court rejected any lingering idea that a state law simply having some extraterritorial effect gives rise to a dormant Commerce Clause violation. *Nat'l Pork Producers Council v. Ross*, 598 U.S. 356, 371–75 (2023). The Court reiterated that the Commerce Clause protects against state laws "driven by . . . 'economic protectionism'": an "antidiscrimination principle lies at the 'very core' of our dormant Commerce Clause jurisprudence." *Id.* at 369 (quoting *Dep't of Revenue of Ky. v. Davis*, 553 U.S. 328, 337–38 (2008) & *Camps Newfound/Owatonna, Inc. v. Town of Harrison*, 520 U.S. 564, 581 (1997)). As to *Pike* balancing, the approach "has traditionally served as another way to test for purposeful discrimination against out-of-state economic interests." *Id.* at 380. Plaintiff's claim here—involving a law that does not discriminate against out-of-state proprietors—"falls well outside *Pike*'s heartland." *Id.* Turning dormant Commerce Clause jurisprudence on its head, the Amended Complaint alleges the inverse of such a violation: that the Stop-Sale Orders "impose[] uniquely burdensome operational requirements *on businesses headquartered in Florida*." DE 11 at ¶ 43 (emphasis supplied). That allegation does not satisfy (and in fact undercuts) the pleading bar for a Commerce Clause claim.

Plaintiff's attempt to salvage Count II by pointing to a nondiscriminatory "burden" does

5

not work.  In the absence of direct extraterritorial discrimination, a Commerce Clause violation occurs only when "the burden imposed on such commerce is clearly excessive in relation to the putative local benefits." *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970).  But the Amended Complaint does not make that allegation.  It does not allege that there is no "legitimate local purpose," much less that any local interest is "clearly" outweighed by a commercial burden. *Norwegian Cruise Line Holdings Ltd v. State Surgeon Gen., Fla. Dep't of Health*, 50 F.4th 1126, 1142 (11th Cir. 2022).  Rather, Count II alleges nothing about the essential elements of the balancing test that Plaintiff in opposition now claims to rely upon. *See* DE 36 at 11–12.

Plaintiff's arguments to defend Count III, the "cause of action" for "Preliminary and Permanent Injunctive Relief," comprise two deficient case citations and a request to amend the complaint.  Of the two state court citations, one decision doesn't give enough details to determine what claim was actually pled. *See Weekely v. Pace Assembly Ministries, Inc.*, 671 So. 2d 220 (Fla. Dist. Ct. App. 1996).  The other case references a cause of action for injunctive relief that, based on the complaint, appears to be a claim for violation of a restrictive covenant. *Grove Isle Ass'n Inc. v. Grove Isle Assocs, LLLP*, Compl., No. 2009CA51779, 2016 WL 1118760 (Fla. 11th Cir. Ct. 2016).  Neither case undermines the "well settled [proposition] that 'an injunction is not a standalone cause of action.'" *Rubin v. Life Ins. Co. of N. Am.*, No. 22-CV-81246, 2022 WL 20704041, at *2 (S.D. Fla. Dec. 2, 2022) (citation omitted); *see also* DE 23 at 13 (collecting cases).

The Court should reject Plaintiff's alternative request for leave "to amend its Amended Complaint to further clarify its intention to seek injunctive relief as a remedy," as unnecessary. DE 36 at 13.  Plaintiff's Amended Complaint already requests injunctive relief in Counts I and II (other pleading defects notwithstanding).  There is no basis to amend Count III.

## CONCLUSION

For the reasons above and set out more fully in Defendants' motion, Defendants request that this Court abstain from exercising jurisdiction until after the conclusion of the ongoing state proceedings or, alternatively, enter an order dismissing the Amended Complaint.

Respectfully submitted,

/s/ Daniel Nordby
DANIEL E. NORDBY (FBN 14588)
DENISE M. HARLE (FBN 81977)
**SHUTTS & BOWEN LLP**
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
(850) 241-1717
DNordby@shutts.com
DHarle@shutts.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served via the Court's electronic filing system on all counsel of record on December 22, 2023.

/s/ Daniel Nordby
Attorney

.